**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**Atlantic Marine Florida, LLC, et al.,**

        **Plaintiffs,**

-vs-                                                Case No. 3:08-cv-538-J-20TEM

**Evanston Insurance Company, et al.,**

        **Defendants.**
_____/

## SUMMARY JUDGMENT NOTICE

Motion(s) for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, have been filed in this case. Unless the Court notifies the parties otherwise, there will not be a hearing on these motion(s); instead, the Court will decide the motion(s) on the basis of the motion(s), responses, briefs or legal memoranda, and evidentiary materials filed by the parties. Unless otherwise specifically ordered by the Court, any response to these motion(s), as well as all supporting evidentiary materials (counter-affidavits, depositions, exhibits, etc.) **must be filed** with the Clerk of this Court in accordance with the Federal Rules of Civil Procedure. The Court will consider these motion(s) and make its decision after **fourteen (14) days** from the date of this Notice.

<u>The following explanatory admonitions are included here for the benefit of pro se parties (i.e., parties not represented by an attorney) who oppose the summary judgment motion(s)</u>. **In addition to the above paragraph**, you are also **advised** that if the Court grants these motion(s) for summary judgment, such would be a **final decision** of the Court in favor of the party filing the motion(s) ("the movant"). As a result of such final decision, there would be no trial or other proceedings in this case, and you would likely be precluded from later litigating this matter or any related matters. Therefore, **you are hereby further advised**: (1) failing to respond to these

motion(s) will indicate that the motion(s) are not opposed; (2) all material facts asserted by the movant in the motion(s) will be considered to be admitted by you unless controverted by proper evidentiary materials (counter-affidavits, depositions, exhibits, etc.) filed by you; and (3) you may not rely solely on the allegations of the issue pleadings (e.g., complaint, answer, etc.) in opposing these motion(s). See Griffith v. Wainwright, 772 F.2d 822,825 (11th Cir. 1985).

                                                  FOR THE COURT

Date:   December 2, 2009                     _____/s/Dionne Young_____
                                                       By:     Deputy Clerk

Copies to:
Counsel of Record
Pro Se Party(s), if any