**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ATLANTIC MARINE FLORIDA, LLC,
etc., et al.,

    Plaintiffs,

vs.                                         CASE NO. 3:08-cv-538-J-20TEM

EVANSTON INSURANCE COMPANY, et al.,

    Defendants.
_____

## O R D E R

This matter is before the Court on Defendant Evanston Insurance Company's Motion to Strike Declaration of Andy Harris and Incorporated Memorandum of Law (Doc. #55, Motion) and Plaintiffs' response in opposition thereto (Doc. #70).[1] For the reasons stated herein, the Motion shall be denied.

In the Motion (Doc. #55), Defendant Evanston Insurance Company (hereinafter referred to as "Defendant") requests that the Court strike, in its entirety, the declaration of Plaintiffs' authorized corporate representative, Andy Harris (*see* Doc. #37-1, Declaration). Said declaration was filed as an affidavit in support of Plaintiffs' Motion for Summary Judgment (Doc. #39). Defendant maintains that Mr. Harris' declaration is due to be stricken because it "is replete with inadmissible hearsay, including statements not based on personal knowledge, legal/opinions/conclusions, and self-serving speculation as to the parties' intent" (Doc. #55 at 2). As more fully explained below, Defendant's arguments in this regard are not well taken.

---

[1]Although Plaintiff's response in opposition to the instant motion (Doc. #70) is untimely, the Court will nevertheless accept it and give it due consideration. *See* Fed. R. Civ. P. 6; M.D. Fla. Loc. R. 3.01(b).

Rule 56(e) of the Federal Rules of Civil Procedure provides that an affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to matters stated therein." Because affidavits must be based on personal knowledge, an affidavit based on nothing more than "information and belief" is not sufficient as a matter of law. *See Givhan v. Electronic Engineers, Inc.*, 4 F. Supp. 2d 1331, 1334 (M.D. Ala. 1998). According to Federal Rule of Civil Procedure 56(e), an affidavit must be stricken when it is a conclusory argument rather than a statement of fact, or when the affidavit is not based on personal knowledge. *See id.* at 1031*; see also Interfase Marketing, Inc. v. Pioneer Technologies Group, Inc.*, No. 91-572-CIV-T-17A, 1993 WL 229601, at *2 (M.D. Fla. June 23, 1993);² *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

Since courts may only consider evidence that would be admissible at trial, a court may not consider inadmissible hearsay when deciding a motion for summary judgment. *Bush v. Barnett Bank of Pinellas County*, 916 F. Supp. 1244, 1256 (M.D. Fla. 1996). When an affidavit submitted in support of, or in opposition to, a motion for summary judgment contains inadmissible evidence, the court may strike the inadmissible portions of the affidavit and consider the rest. *See Lee v. National Life Assurance Co.*, 632 F.2d 524, 529 (5th Cir. 1980).³

Here, Defendant argues the declaration of Mr. Harris should be stricken because "the statements contained therein are not based on [his] personal knowledge" (Doc. #55

---

²Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

³Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

at 3). In support of this argument, Defendant points out that Mr. Harris is a corporate representative who did not begin working for Plaintiffs until after the events that give rise to the complaint occurred (Doc. #55 at 3). Defendant is of the opinion that a review of the relevant corporate documents prior to submitting a declaration on behalf of the corporation, as its authorized representative, is insufficient to meet the "personal knowledge" requirement set forth in Rule 56 (*see* Doc. #55 at 3). The Court is not persuaded.

To illustrate, as stated in *ABN Amro Mortgage Group, Inc. v. Maximum Mortgage, Inc., et al.*, "[i]t is a fact that a corporation has no mouth with which to speak other than that of its representatives." No. 1:04cv492, 2006 WL 2598034, *7 (N.D. Ind. Sept. 8, 2006). The Court finds *ABN Amro Mortgage Group, Inc.*, *supra*, particularly instructive with respect to the instant issue. In *ABN Amro*, the defendant filed a motion to strike an affidavit that was submitted in support of the plaintiff's motion for summary judgment. *Id.* at *1. The affidavit was submitted by a designated corporate representative on behalf of the plaintiff corporation. *Id.* at 5-7. The corporate representative expressly verified in the affidavit that the matters stated therein were based upon either her own personal knowledge or personal knowledge gained "through review of ABN's business records." *Id.* at *5. In disregarding the defendant's argument that the affidavit submitted by the corporate representative did not demonstrate "personal knowledge," the court found that "as a corporate representative of ABN, it can be inferred that [she] is familiar with the matters to which she attests." *Id.* at *7.

In *Hijeck v. Menlo Logistics, Inc.,* the court, in denying a party's motion to strike an affidavit of a designated corporate representative, stated:

> It is not necessary that [the corporate representative] have direct, personal knowledge of each and every fact discussed in her affidavit or deposition. When a corporation offers testimony of a representative, the corporation appears vicariously through that agent. The authority of a corporate representative extends not only to facts, but also to the subjective beliefs and opinions of the corporation.

No. 3:07-cv-0530-G, 2008 WL 465274, *4 (N.D. Tex. Feb. 21, 2008) (*citing Brazos River Authority v. GE Ionics, Inc.* 469 F.3d 416, 433 (5th Cir. 2006).

In addition, in *Diamond Offshore Company v. A&B Builders, Inc.*, the Fifth Circuit Court of Appeals found no error on the part of the lower court in considering an affidavit of a corporate representative filed in support of a motion for summary judgment. 302 F.3d 531, 545, n. 13 (5th Cir. 2002). In *Diamond*, the corporate representative stated in the subject affidavit that he had access to and had reviewed the business records as they pertained to the information contained in his affidavit. *Id.*

The Court would also note that none of the cases cited by Defendant in support of the Motion address the specific issue before the Court—*i.e.* whether a declaration, submitted on behalf a corporate entity by an authorized corporate representative, must be stricken from the record because the declarant's review of the relevant corporate documents is insufficient to establish personal knowledge under the mandates of Rule 56.

Said cases are as follows: *Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002) (striking, as hearsay, a letter attached to an affidavit—written by someone other than the affiant—that was offered to prove the matter asserted); *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000) (denying the employment discrimination plaintiff's motion to strike an affidavit submitted in support of the defendant's motion for summary judgment because "[a]fter tediously reviewing the affidavit in question,

4

the Court finds no portions therein contain any inadmissable hearsay"); *Hayes-Jones v. Metropolitan Life Ins. Co.*, 2006 WL 3091488 (M.D. Fla. 2006) (striking portions of a employment discrimination plaintiff's affidavit filed in support of her motion for summary judgment because such portions were found to be not based on her personal knowledge); *Hughes v. Amerada Hess Corp.*, 187 F.R.D. 682, 684-85 (M.D. Fla. 1999) (denying defendant's motion to strike the employment discrimination plaintiff's affidavit when the "[p]laintiff mistakenly worded the notary section of the affidavit which read 'to the best of my knowledge and ability,' instead of stating that it was based on [her] personal knowledge"); *Owens v. City of Fort Lauderdale*, 174 F. Supp. 2d 1298, 1311 (S.D. Fla. 2001) (finding an expert's conclusory testimony regarding the amount and type of force used by police officers in a 42 U.S.C. § 1983 action was insufficient to overcome the defendant's motion for summary judgment); *Dannebrog Rederi v. M/Y True Dream*, 428 F. Supp. 2d 1265, 1268 (S.D. Fla. 2005) (affidavit of the plaintiff's attorney, submitted in support of motion for summary judgment in a negligence cause of action, stricken because the affidavit "consist[ed] of statements that constitute[d] argument").

The Court would additionally note that, in ruling on a motion for summary judgment, the Court is capable of disregarding inadmissible statements and determining whether admissible statements create a material factual issue. *See Gaston v. Home Depot*, 129 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001).

Based on the foregoing, it is hereby **ORDERED**:

Defendant Evanston Insurance Company's Motion to Strike Declaration of Andy Harris and Incorporated Memorandum of Law (Doc. #55) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this  13th  day of May, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge