UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ATLANTIC MARINE FLORIDA, LLC,**
as successor in interest to Atlantic Marine,
Inc., and **AMERICAN HOME ASSURANCE**
**COMPANY**, as Subrogated Underwriter,

    **Plaintiffs,**

vs.                                           Case No. 3:08-cv-538-HES-JBT

**EVANSTON INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

This cause is before the Court on Defendant Evanston Insurance Company's ("Evanston") "Motion for Attorney Fees under Section 768.79, Florida Statutes" (Doc. 207, filed June 5, 2015); Plaintiffs' Response in opposition thereto (Doc. 214, filed July 17, 2015); and Evanston's Reply in support thereof (Doc. 217, filed Aug. 27, 2015).

## I. BACKGROUND

Evanston's motion for attorney's fees and costs was referred to the Honorable Joel B. Toomey, United States Magistrate Judge, Middle District of Florida, and Judge Toomey held an evidentiary hearing on the motion on October 14, 2015. (Doc. 221). On November 24, 2015, Judge Toomey submitted a Report and Recommendation ("R&R"), concluding that Evanston's motion should be granted in part. (Doc. 223). On December 8, 2015, Plaintiffs' filed their Objections to Judge Toomey's R&R. (Doc. 224). On January 5, 2016, Evanston filed its Response in opposition to Plaintiffs' Objections. (Doc. 227). Accordingly, this matter is ripe for determination.

1

## II. LEGAL STANDARD

A district court may accept, reject, or modify a Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). "The district court must make a *de novo* determination of any disputed portions of the magistrate judge's report or recommendation." *Powell*, 628 F.3d at 1256; *see also* 28 U.S.C. § 636(b)(1) (requiring *de novo* review when specific objections are made).

## III. ANALYSIS

Judge Toomey undertook a diligent and careful analysis in his R&R; he recommends that Evanston's motion be granted in part. Evanston's motion requested $328,394.00 in attorney's fees (Doc. 207 at 14), but at the hearing counsel for Evanston stated that the correct amount of attorney's fees is $324,169.00. (Doc. 223 at 2 n.2). Evanston's motion also requested $4,624.60 in costs. (Doc. 207 at 14). Plaintiffs concede that Evanston is entitled to fees, but argue that the fees must be reduced under both the lodestar standard and the statutory factors set forth in Fla. Stat. § 768.79(7)(b).

Upon review of the parties' filings and in consideration of the parties' arguments at the hearing, Judge Toomey agreed with Plaintiffs and found that Evanston's requested fees should be reduced. Specifically, Judge Toomey recommends that the number of hours billed by Evanston is excessive under the lodestar approach, and that this number should be reduced by twenty percent, to $259,335.20. (Doc. 223 at 2, 12). Judge Toomey also recommends that this figure be further reduced by twenty percent based on the factors set forth in Fla. Stat. § 768.79(7)(b), to a total attorney's fees award of $207,468.16. (*Id.* at 2-3, 13). Lastly, Judge Toomey recommends that Evanston is only entitled to recover $2,263.32 in costs. (*Id.* at 3, 15).

Plaintiffs do not object to the underlying logic and reasoning of Judge Toomey's analysis, yet they object to the amount of the recommended fee-award reduction. (Doc. 224 at 2-3). Plaintiffs argue that many of Evanston's billed hours are excessive, unnecessary, and/or inflated, and that the reduction figure should be increased from twenty percent to forty percent. (*Id.* at 7). Moreover, based on the statutory factors set forth in Fla. Stat. § 768.79(7)(b), Plaintiffs assert that the recommendation of a further twenty percent reduction is insufficient and that this reduction should also be increased to forty percent. (*Id.* at 11). In response, Evanston opposes Plaintiffs' objections; Evanston has no objection to the R&R and asks that Plaintiffs' specific objections be overruled. (Doc. 227 at 18).

Upon careful consideration and independent analysis of the R&R, and having undertaken a *de novo* review of Plaintiffs' objections and the record in this case, the Court confirms Judge Toomey's findings in full.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Magistrate Judge's "Report and Recommendation" (Doc. 223, filed Nov. 24, 2015) is **ADOPTED**;

2. Plaintiffs' "Objections to Magistrate Judge's Report and Recommendation" (Doc. 224, filed Dec. 8, 2015) are **OVERRULED**;

3. Evanston's "Motion for Attorney Fees under Section 768.79, Florida Statutes" (Doc. 207, filed June 5, 2015) is **GRANTED in part**, in the amount of **$209,731.48**, which represents **$207,468.16** in attorney's fees pursuant to Fla. Stat. § 768.79, and **$2,263.32** in costs pursuant to 28 U.S.C. § 1920; and

4. The Clerk of Court is directed to enter judgment in favor of Defendant, Evanston

Insurance Company, c/o Klein Glasser Park & Lowe PL, 9130 S. Dadeland Blvd., Two Datran Center, Suite 2000, Miami, FL 33156, and against Plaintiff American Home Assurance Company, as a Subrogated Insurer of Atlantic Marine Florida, LLC, c/o The Chartwell Law Offices, LLP, 200 S. Biscayne Blvd., Suite 300, Miami, FL 33131, in the amount of **$209,731.48**, representing **$207,468.16** in attorney's fees and **$2,263.32** in costs. Post judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

**DONE AND ORDERED** at Jacksonville, Florida this /5th day of June, 2016.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Andrew W. Anderson, Esq.
P. Zak Colangelo, Esq.
Joseph H. Lowe, Esq.
Michael Shelley, Esq.
Paul L. Fields, Jr., Esq.
Richard M. Jones, Esq.
Robert Michael Klein, Esq.